UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DAVID OPPENHEIMER, | § | |
|     Plaintiff, | § | CA No. 1:18-cv-257 |
| | § | |
| v. | § | |
| | § | |
| JAMES FITZPATRICK; | § | |
| CHRISTOPHER WOTELL; | § | |
| PEAK REAL ESTATE, INC.; | § | |
| ROBERT E. SOMES; and | § | |
| DIGITAL SOUTH MEDIA GROUP | § | |
|     Defendants. | § | **JURY DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, David Oppenheimer ("Oppenheimer" or "Plaintiff"), for his complaint against Defendants, James Fitzpatrick ("Fitzpatrick"), Christopher Wotell ("Wotell"), Peak Real Estate, Inc. ("Peak"), Robert E. Somes ("Somes"), and Digital South Media Group, LLC ("Digital"), (hereinafter collectively, "Defendants"), alleges:

**JURISDICTION/VENUE**

1. Oppenheimer's claims arise under the copyright laws of the United States, 17 U.S.C. 101 *et. seq.*, (hereinafter the Copyright Act), and 17 U.S.C."1202 *et seq.* of the Digital Millennium Copyright Act ("DMCA").

2. Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. Additionally, this Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the copyright laws of the United States. Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

**THE PARTIES**

3. Plaintiff is a citizen of North Carolina engaged in the business of professional photography who resides in and has a principal place of business in Asheville, Buncombe County, North Carolina.

4. Fitzpatrick is a citizen of North Carolina, residing in Avery County, and will receive actual notice of this filing at his current residence, 30 DUNVEGAN ROAD, BANNER ELK, NC 28604, or such other place as she may be found.

5. Wotell is a citizen of North Carolina, residing in Avery County and will receive actual notice of this filing at his current residence, 876 TYNELOCH DRIVE, BANNER ELK, NC 28604

6. Peak is a North Carolina Corporation with its principal place of business in Avery Count, and will receive actual notice of this suit by service upon its registered agent, Misty D. Watson, 719-A GREENWAY ROAD, SUITE 208, BOONE, NC 28607, or such other place where the Registered Agent may be found.

7. Somes is a citizen of North Carolina, residing in Avery County, and will receive actual notice of this filing at his current residence, 140 RED DELICIOUS LN, BANNER ELK, NC 28604, or such other place as he may be found.

8. Digital is a North Carolina limited liability company with a principal place of business in Avery County, and will receive actual notice of this suit by service upon its registered agent, Robert. E. Somes, 140 RED DELICIOUS LN, BANNER ELK, NC 28604, or such other place where the Registered Agent may be found.

## INTRODUCTORY FACTS

9. Oppenheimer is a professional photographer, and is the author (photographer) of, and at all times relevant to this claim, has been and is now the sole owner and proprietor of all right, title and interest in and to the copyrights in the photograph at issue in this matter (the "Work") See **Exhibit A**.

10. Oppenheimer makes his photographic works available online at his website http://www.performanceimpressions.com.

11. Oppenheimer has complied in all respects with Title 17, U.S.C. § 102, *et seq.,* and all other laws governing federal copyright applicable to the Work and registered the Work with the Register of Copyrights at the U.S. Copyright Office. See **Exhibit B**.

12. At all relevant times hereto, Oppenheimer has and continues to be the sole owner of all rights, titles, and interests in and to the aforementioned registration and photograph. Oppenheimer's copyrights in the above-described Work are presently valid and subsisting, and were valid and subsisting from the moment of its creation, and all conditions precedent to the filing of this suit have occurred.

13. For many years, it has been Oppenheimer's custom and business practice to display his copyright management information ("CMI") on his copyrighted photographs when they are first published. Oppenheimer's Work at issue in this case, as first published, prominently displays his CMI in the caption and with a watermark, as well as embedded in the metadata of the Work; thus, Defendants were on notice that the Work was copyright protected.

14. On or about December 21, 2015, Oppenheimer first discovered that Defendants had infringed his copyrights beginning sometime around November, 2015, by uploading and publishing (or directing others to do so) his protected image at the following URLs:

1. http://www.peakrealestatenc.com/peak-real-estate-news-updates/ski-sugar-mountain/
2. http://www.peakrealestatenc.com/wp-content/uploads/2015/11/si-sugar-mountain.jpg
3. http://www.peakrealestatenc.com/wp-content/uploads/2015/11/si-sugar-mountain-60x60_c.jpg

Defendants used Oppenheimer's protected Work for the advertising, marketing, and/or selling of real estate in the Sugar Mountain area. A "screenshot" of the infringing use is provided herein as **Exhibit C**.

15. Upon information and belief, Fitzpatrick, Wotell, and/or Peak hired Somes/Digital for web design services, and to copy and display Oppenheimer's Work on the Peak web site.

16. Upon information and belief, Defendants located and accessed Oppenheimer's Works on his website, http://www.performanceimpressions.com.

17. On August 19, 2016, Oppenheimer sent Wotell and Peak a letter inquiring about where they had acquired his photograph of Sugar Mountain (**Exhibit D**).

On February 10, 2017, Oppenheimer, through the undersigned counsel, sent a "Cease and Desist" letter *via* email to Defendants, requesting information about the unauthorized publication, and asking them to protect potentially relevant electronically-stored information. See **Exhibit E**. Despite Oppenheimer's persistent and best efforts, Defendants have failed to provide the requested information, and so the parties were unable to resolve the matter.

**CAUSES OF ACTION**

**COUNT I – COPYRIGHT INFRINGEMENT**

18. Oppenheimer re-alleges and incorporates paragraphs 1 – 17 hereinabove as if recited *verbatim*.

19. Defendants have infringed Plaintiff's copyrights in and to the image described in paragraph 9 and attached as Exhibit A by scanning, downloading, copying, reproducing, distributing, publishing, displaying and/or otherwise using unauthorized copies of said photograph within the United States in violation of the copy rights of Title 17.

20. Upon information and belief, each of the Defendants have benefitted from their infringements of the Work, while Oppenheimer has suffered and will continue to suffer monetary damages, irreparable injury to his business, reputation, and goodwill, and dilution in the marketplace. Oppenheimer is entitled to injunctive relief, disgorgement of all profits attributable to the infringements, actual damages, statutory damages, and other relief set forth in the Act.

## COUNT II – CONTRIBUTORY COPYRIGHT INFRINGEMENT

21. Oppenheimer re-alleges and incorporates paragraphs 1 – 20 hereinabove as if recited *verbatim*.

22. One or more of the named Defendants have knowingly caused, induced, enabled, facilitated, and/or materially contributed to the infringement complained of herein by directly and/or indirectly promoting the infringement, and/or have refused to exercise their ability to prevent and/or stop the infringement made possible by their actions.

## COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT

23. Oppenheimer re-alleges and incorporates paragraphs 1 - 22 hereinabove as if recited *verbatim*.

24. Pleading further but without waiver of the foregoing, Oppenheimer shows that Fitzpatrick and Wotell are the officers, directors, managers, and/or other principals of Peak and that Somes is the officer, director, manager, and/or other principal of Digital.

25. On information and belief, Fitzpatrick and/or Wotell own much of the stock of Peak, and control nearly all of its decisions, and are the dominant influence in the company. Further, Fitzpatrick and/or Wotell possessed the right and ability to supervise and/or control the infringing conduct of Peak, and/or to prevent or stop the infringement once it began. Upon information and belief, Fitzpatrick and/or Wotell also have an obvious and direct financial interest in the infringing activities of Peak.

26. On information and belief, Somes owns much of the stock of Digital, and controls nearly all decisions of it, and is the dominant influence in the company. Further, Somes possessed the right and ability to supervise and/or control the infringing conduct of Digital, and/or to prevent or stop the infringement once it began. Upon information and belief, Somes also has an obvious and direct financial interest in the infringing activities of Digital.

27. Accordingly, Fitzpatrick, Wotell, and/or Somes are liable to Oppenheimer as joint and/or contributory infringers, or are otherwise vicariously liable for the actions of Peak and/or Digital.

**COUNT IV – VIOLATIONS OF THE DIGITAL MILLENIUM COPYRIGHT ACT**

28. Oppenheimer re-alleges and incorporates paragraphs 1 - 27 hereinabove as if recited *verbatim*.

29. Oppenheimer clearly marked the Work both on the face of the image and in the metadata with full notices of copyright, all rights reserved, instructions, Oppenheimer's address, phone number, email, and website. Oppenheimer did this to ensure that anyone who views the Work understands that Oppenheimer owns all rights and title. On information and belief, one or more of the Defendants (discovery will reveal which) violated the DMCA by removing Oppenheimer's copyright management information ("CMI") from the metadata of the Work, or having others do so.

30. In accomplishing the infringements identified above, and upon information and belief, one or more of the Defendants intentionally removed and/or omitted Oppenheimer's CMI from copies of Oppenheimer's Work.

31. Upon information and belief, one or more of the Defendants distributed copies or derivatives of such works knowing that such CMI had been removed or omitted without authorization.

32. At the time Oppenheimer's CMI was removed from copies of his Work, and at the time one or more Defendants distributed copies of the work from which the CMI had been removed or omitted, one or more of the Defendants knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Oppenheimer's copyrights.

33. Oppenheimer is entitled to and seeks recovery of statutory damages from Defendants not less than $2,500 and not more than $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1202.

34. Pursuant to 17 U.S.C. § 203(b)(5), Oppenheimer is entitled to and seeks recovery of his costs, including reasonable attorney's fees.

## CAUSATION/DAMAGES

35. As a result of Defendants' above-described acts of copyright infringement and DMCA violations, Oppenheimer has sustained actual damages in an amount not yet ascertained. Such actual damages include, but are not limited to, lost profits and/or lost licensing revenue, disgorgement of Defendants' profits attributable to their infringements, statutory damages, research time tracking down and documenting the infringements, attorney time spent placing joint infringers on notice of the infringements, and accomplishing removal of the images from servers and web sites.

36. In addition to damages for copyright infringement, Plaintiff seeks recovery of DMCA penalties as set out above.

## RELIEF REQUESTED

37. Oppenheimer demands an accounting by Defendants of their activities in connection with their infringements of his copyrights in and to the above-described and attached work, as well as disgorgement of their gross profits, and/or all other benefits attributable.

38. Oppenheimer is entitled to and seeks recovery of actual damages plus the Defendants' profits attributable to the infringements, as well as DMCA penalties not exceeding $25,000 for each act committed of his rights under 17 U.S.C. § 1202.

39. Alternatively, because the image was registered prior to Defendants' infringements, Oppenheimer seeks recovery of statutory damages up to but not exceeding

$150,000 (One Hundred Fifty Thousand Dollars) for the Work infringed, plus costs, including expert witness fees and reasonable and necessary attorney's fees.

**Oppenheimer DEMANDS JUDGMENT AS FOLLOWS:**

40. That Defendants, their agents, employees and/or servants be enjoined *pendente lite* and permanently from infringing Oppenheimer's copyrights in any manner whatsoever, and from publishing through any visual media, and from selling, marketing or otherwise distributing any of his images, and from using his images in sales, marketing, and/or advertising;

41. That Defendants be required to deliver up, under oath, for impounding during the pendency of this action, and for destruction thereafter, all images which infringe Oppenheimer's copyrights, and all prints, film negatives, magnetic tapes, digitally-scanned and/or stored images, and all other articles by means of which such infringing copies may be reproduced, which are in the possession of, constructive possession of, or under the direct or indirect control of the Defendants;

42. That Defendants provide an accounting of all gains, profits and advantages derived by them as a result of the willful and unlawful acts of copyright infringement above-described;

43. That Defendants be ordered jointly and severally, to pay over to Oppenheimer his actual damages sustained, in addition to all their profits attributable to the infringements, and which are not taken into account in computing Oppenheimer's actual damages incurred as a result of Defendants' copyright infringements described herein;

44. In the alternative, at Oppenheimer's option after verdict, that Defendants be ordered jointly and severally, to pay maximum statutory damages in the amount of $150,000 for Defendants' infringement of Oppenheimer's copyrights in the Work pursuant 17 U.S.C. § 504(c); or such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

45. That Defendants be order jointly and severally, to pay to Oppenheimer an award of statutory damages for each and every violation by Defendants of the DMCA pursuant to 12 U.S.C. § 1202, *et seq.*;

46. That Defendants be ordered jointly and severally, to pay to Oppenheimer his costs including attorney's fees;  *and*

47. That Oppenheimer obtains such other and further relief as this court shall deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.**

**Date:  August 20, 2018**                                  **LEJUNE LAW FIRM**

By:    /s Dana A. LeJune
Dana A. LeJune
dlejune@triallawyers.net
Texas Bar: 12188250
NC Bar: 49025
6525 Washington Avenue
Suite 300
Houston, Texas  77007
713.942.9898 Phone
713.942.9899 Fax

Asheville Office:

7 Orchard Street, Suite 200
Asheville, North Carolina 28801
828.774.5800 Phone
*Attorneys for Plaintiff*